Filed 6/8/16  P. v. Johnson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E065138 |
| v. | (Super.Ct.No. ICR17296) |
| JERRY LOUIS JOHNSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky L. Dugan, Judge.

Affirmed.

Victoria H. Stafford, under appointment by the Court of Appeal for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant, Jerry Louis Johnson, filed a petition for resentencing pursuant to Penal Code section 1170.18,[1] which the court denied.  After defendant filed a

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

1

notice of appeal, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and identifying any potentially arguable issues. Defendant was offered the opportunity to file a personal supplemental brief, but he has not done so. We affirm.

### FACTS AND PROCEDURE

On the evening of August 26, 1993, deputies arrived at the Two Bunch Palms Resort to find defendant detained by security personnel. The personnel had conducted a stake out because of recent burglaries at the resort. They observed defendant enter a locked courtyard surrounded by four condominiums. They heard the sound of a door being forced open and later saw defendant leave the courtyard. The security personnel chased defendant and held him until the deputies arrived. Defendant was wearing a black bandana over his face, white socks on his hands, and a black knit cap. He had a screwdriver on his person, and a set of nunchakus was located near the courtyard. Two of the condominiums had pry marks on their outside door, and inside one of the units it appeared someone had disconnected the television and video cassette recorder from the wall.

On November 1, 1993, defendant pled guilty to second degree burglary (§ 459) and admitted two prior prison terms (§ 667.5, subd. (b)). On February 28, 1996, the court sentenced defendant to the upper term of three years, plus two years for the prison term priors, to be served at California Rehabilitation Center. On March 30, 2000, the trial

2

court terminated the case because he had since been sentenced to 60 years to life in prison on another case.

On April 29, 2015, defendant filed a petition for resentencing pursuant to section 1170.18, seeking reduction of his second-degree burglary conviction from a felony to a misdemeanor on the ground that the item(s) stolen did not exceed $950 in value.

On December 11, 2015, the court denied defendant's petition, noting he is not eligible under Proposition 47 because the Two Bunch Palms Resort "is not a commercial establishment."

### DISCUSSION

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

### DISPOSITION

The court's order denying the section 1170.18 petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____
P. J.


We concur:

HOLLENHORST _____
J.

McKINSTER _____
J.

3